**[This decision has been published in *Ohio Official Reports* at 93 Ohio St.3d 407.]**

OFFICE OF DISCIPLINARY COUNSEL *v*. MILLS.

[Cite as *Disciplinary Counsel v. Mills*, 2001-Ohio-1315.]

*Attorneys at law—Misconduct—Public reprimand—Engaging in undignified or discourteous conduct which is degrading to a tribunal.*

(No. 01-413—Submitted July 17, 2001—Decided September 26, 2001.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 00-35.

_____

*Per Curiam.*

{¶ 1} The relator, Office of Disciplinary Counsel, filed a complaint on June 5, 2000, with the Board of Commissioners on Grievances and Discipline ("board") alleging that respondent, Luther J. Mills of Westerville, Ohio, Attorney Registration No. 0041451, violated DR 1-102(A)(5) (a lawyer shall not engage in conduct that is prejudicial to the administration of justice), 1-102(A)(6) (a lawyer shall not engage in conduct that adversely reflects on a lawyer's fitness to practice law), and 7-106(C)(6) (a lawyer shall not engage in undignified or discourteous conduct which is degrading to a tribunal). The respondent filed an answer and denied violating any Disciplinary Rules.

{¶ 2} A hearing was conducted before a panel of the board on October 26, 2000. The panel concluded that respondent's actions violated DR 7-106(C)(6). However, the panel determined that there was insufficient evidence to prove that respondent violated 1-102(A)(5) or 1-102(A)(6). The panel recommended that respondent receive a public reprimand.

{¶ 3} The panel's recommendation was based on the following circumstances. On September 1, 1999, respondent, on behalf of his client, attended a postdecree hearing to modify parental rights and responsibilities. Susan Lantz represented the

opposing party. The case was originally set for February, but it had been continued several times.

{¶ 4} The hearing was scheduled before Magistrate Charles P. Jones. Both Lantz and respondent met with Magistrate Jones in his office. There were two issues raised in the meeting that apparently precipitated respondent's actions that are the subject of this disciplinary action. The first was a request by Lantz to have a guardian *ad litem* appointed. The second was an order by Magistrate Jones that the deposition would take place on September 30, 1999, at the courthouse. Magistrate Jones granted Lantz's request to appoint a guardian *ad litem*; he further decided that the depositions would take place at the courthouse. Accordingly, Magistrate Jones continued the case.

{¶ 5} Upon hearing these rulings, respondent became irate. Unhappy with the resulting continuance and the location of the future depositions, respondent berated Magistrate Jones with numerous obscenities, including "this is bullshit" and "this is the second time you've done this crap to me." Respondent also berated Lantz, stating, "She's done this five f-----g times" (referring to prior continuances in the case). During this tirade, respondent raised his voice, clenched his fists, became redfaced, pounded on the table with his fists, and leaned toward Magistrate Jones in a threatening manner. Magistrate Jones asked respondent to calm down and back off several times without any result. Eventually, he requested that respondent leave his office, a request that respondent initially failed to follow.

{¶ 6} After respondent left the office, Magistrate Jones asked Lantz to prepare a continuance entry and coordinate a new date with respondent's office. Subsequently, respondent returned to Jones's office and accused Jones and Lantz of *ex parte* communications.

{¶ 7} At the disciplinary hearing, Magistrate Jones testified that respondent took such an aggressive stance that he (Jones) believed that respondent was going to physically assault him. Magistrate Jones testified that "I have had plenty [of] attorneys express dissatisfaction with my rulings, but it's always done in a professional manner. I never had anybody react this way to me." Several attorneys who witnessed the

incident corroborated the loud and angry tone of respondent's voice. One witness indicated that she had never heard that tone used in the presence of a magistrate.

{¶ 8} Though admitting that he was ashamed of his actions, respondent testified that he was provoked into acting the way that he did. Respondent testified that he believed that Lantz was merely trying to employ a delaying tactic by asking that a guardian *ad litem* be appointed. Respondent also testified that he believed that Magistrate Jones's response to Lantz's request that a guardian *ad litem* be appointed indicated that the magistrate had undertaken an *ex parte* conversation with Lantz. This belief was based on the fact that, after Lantz had asked that a guardian *ad litem* be appointed, Magistrate Jones never inquired as to respondent's opinion on making such an appointment, thereby implying in respondent's mind that Lantz and Magistrate Jones had already agreed that a guardian was needed.

{¶ 9} The actions of Magistrate Jones and Lantz are not before this court. Further, other than respondent's bald assertions, there is no indication that Lantz or Jones acted in an inappropriate manner in this case. However, we feel compelled to make clear that even if Magistrate Jones or Lantz had acted improperly, the appropriate response is not to retaliate with a temper tantrum. As this court professed in *State v. Wilson* (1972), 30 Ohio St.2d 312, 314-315, 59 O.O.2d 379, 381, 285 N.E.2d 38, 40, "The integrity of the judicial process demands total deference to the court, particularly on the part of its officers. Respect for the law and obedience to the orders and judgments of the tribunals by which it is enforced lies at the very foundation of our society. No amount of provocation on the part of the judge can be permitted to excuse counsel from the obligation of his oath of office ('I will maintain the respect due to courts of justice and judicial officers'); to excuse him from his duties imposed by the Code of Professional Responsibility; or to condone the acts of counsel if in fact they are in themselves contemptuous."

{¶ 10} Therefore, respondent's testimony regarding his perception that Lantz and Magistrate Jones may have acted improperly does not mitigate his actions at issue

herein.  We do recognize that respondent apologized for his actions, albeit only after he was aware that disciplinary charges had been filed against him.

{¶ 11} After carefully reviewing the evidence, this court finds that respondent violated DR 7-106(C)(6) but that there was insufficient evidence to prove that respondent violated 1-102(A)(5) and 1-102(A)(6).  The court concurs with the recommendation of the board.

{¶ 12} Accordingly, respondent is publicly reprimanded.  Costs are taxed to respondent.

*Judgment accordingly*.

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

_____

*Jonathan E. Coughlan*, Disciplinary Counsel, and *Kevin L. Williams*, Assistant Disciplinary Counsel, for relator.

*Lane, Alton & Horst LLC* and *Alvin E. Mathews, Jr.*, for respondent.

_____